UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND WINTSON MCLAUGHLIN and Shakir Ra-Ade Bey, | : : : : | |
| Plaintiffs, | : : | NO. 3:09CV1762 (MRK) |
| v. | : : | |
| CITIMORTGAGE, INC., | : : | |
| Defendant. | : | |

## RULING AND ORDER

On June 11, 2010, the Court granted Defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss [doc. # 74] the Amended Complaint [doc. # 67-1] of the Plaintiff, Shakir Ra Ade Bey. *See McLaughlin v. CitiMortgage, Inc.*, ___ F. Supp. 2d. ___, No. 09cv1762, 2010 WL 2377108, at *1 (D. Conn. June 11, 2010). However, in light of Mr. Ade Bey's *pro se* status, the Court granted him one final opportunity to file a motion to amend his complaint to state a claim upon which relief could be granted. *See id.* The Court assumes the parties familiarity with that prior decision and the facts and procedural history to date.

Mr. Ade Bey filed a proposed Second Amended Complaint on June 30, 2010. *See* Second Am. Compl. [doc. # 120]. Consistent with the Court's prior instructions, Mr. Ade Bey's Second Amended Complaint is construed as a Motion for Leave to File a Second Amended Complaint. *See McLaughlin*, 2010 WL 2377108, at *20 (instructing Mr. Ade Bey to move for leave to file a second amended complaint, should he choose amend his complaint a final time). Mr. Ade Bey's Proposed Second Amended Complaint contains claims for fraud, breach of contract, and theft. *See* Proposed Second Am. Compl. [doc. # 120]. Underlying all three claims is Mr. Ade Bey's allegation that CitiMortgage "[has] presented and continues to present" a

1

certain negotiable instrument – the promissory note that Mr. Ade Bey signed when he obtained a home loan from non-party Residential Finance Corporation ("Residential")[1] – "as a NOTE when it is not." *See id.* at 1-2.

CitiMortgage has opposed Mr. Ade Bey's Motion for Leave to File a Second Amended Complaint. *See* Def.'s Mem. in Opp'n to Mot. for Leave to File a Second Am. Compl. ("Def.'s Mem.") [doc. # 127]. CitiMortgage advances two arguments. First, it argues that the claims in the latest complaint are merely "recastings" of Mr. Ade Bey's claims that this Court previously dismissed.[2]  *See id.* at 1. Second, and more substantively, CitiMortgage argues that permitting Mr. Ade Bey to file the proposed Second Amended Complaint would be futile, in that it still fails to state a claim upon which this Court could grant relief. *See id.* at 1-2.

For the reasons that follow, the Court agrees that it would be futile to permit Mr. Ade Bey to amend his Complaint once more, as it is now clear that he cannot plead facts sufficient to state a claim for relief. Accordingly, Mr. Ade Bey's Motion for Leave to File a Second Amended Complaint is DENIED with prejudice, and all claims against CitiMortgage are dismissed with prejudice.

---

[1] At the same time that he filed his latest amended complaint – and long after the deadline for adding parties had passed – Mr. Ade Bey moved to join Residential as a defendant under Rule 19 of the *Federal Rules of Civil Procedure*. *See* Pl.'s Mot. to Join [doc. # 119]. Because the Court concludes that Mr. Ade Bey has failed to state a viable claim for relief, his Motion to Join Residential [doc. # 119] is denied as moot. None of the Court's comments in this decision should be interpreted as bearing on any claims that Mr. Ade Bey may have against Residential.

[2] In its June 11, 2010 decision dismissing Mr. Ade Bey's prior complaint, the Court warned Mr. Ade Bey that he would not be permitted to file a second amended complaint that relied on certain thoroughly-debunked legal theories. *See  McLaughlin*, 2010 WL 2377108, at *20 ("[I]f he chooses to amend his complaint, Mr. Ade Bey may not rely on the 'Redemptionist,' 'vapor money,' or the 'unlawful money' theories, as described above, in any way, and regardless of whether he actually uses those terms."). In addition to arguing that Mr. Ade Bey has nonetheless done so, CitiMortgage has requested that the Court sanction Mr. Ade Bey for his willful failure to adhere to this Court's order. *See* Def.'s Mot. for Sanctions [doc. # 128]. Construed liberally, however, the Court does not believe that the latest Complaint necessarily relies on any of those theories, and therefore the Motion for Sanctions [doc. # 128] is denied.

**I.**

The Court assumes the parties familiarity with the facts underlying this case and the rather convoluted procedural history to date; only those facts necessary for resolution of the pending motion are discussed here. Those desiring additional background are directed to the Court's prior opinion in this case. *See McLaughlin*, 2010 WL 2377108.

The following facts are taken from the Proposed Second Amended Complaint (hereinafter, "Complaint"). For a case that has occupied as much of the Court's time as this one, the facts are relatively straightforward. On March 27, 2009, Mr. Ade Bey and Nicole McLaughlin obtained a real estate loan in the amount of $233,731 from Residential, secured by a mortgage on their home in East Hartford, Connecticut. *See* Compl. [doc. # 120] at 2. In exchange for the loan, Mr. Ade Bey and Ms. McLaughlin signed a promissory note and a mortgage deed. *See* Note & Allonge, Ex. A to Compl. [doc. # 120]; Open-End Mortgage, Ex. B to Compl. [doc. # 120]. The promissory note and mortgage deed are attached to the proposed amended complaint.[3] Subsequent to the loan transaction at issue, Residential assigned the mortgage loan's servicing rights to CitiMortgage. *See* Compl. [doc. # 120] at 2; Notice of Assignment, Sale or Transfer of Servicing Rights, Ex. C to Def.'s Answer [doc. # 39]. On April 15, 2009, Mr. Ade Bey received a notice from CitiMortgage, in which CitiMortgage "represented that it was owed for an alleged mortgage in the amount of $233,731.00." Compl. [doc. # 120] at 2.

Mr. Ade Bey alleges that the above-recited facts amount to fraud, breach of contract, and theft. Crucial to Mr. Ade Bey's claims is his argument that the promissory note that he signed

---

[3] "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

3

was not actually a promissory note, but was either an order or a "hybrid" instrument, combining aspects of both a promissory note and an order. *See id.* at 3-4. Mr. Ade Bey claims that he was not informed of the peculiar nature of the instrument that he signed (presumably by Residential not CitiMortgage); indeed, he says that had he known its true nature, he never would have signed it, and that he only signed it because he was told it was a promissory note, *see id.* at 3-5, and that CitiMortgage has stolen from him the very instrument that he says is fraudulent, *see id.* at 16-17.

## II.

Under Rule 15(a) of the *Federal Rules of Civil Procedure*, leave to amend a complaint should be "freely given when justice so requires." *Id*. "However, it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003); *see also Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) ("[A] district court may properly deny leave when amendment would be futile."). Where, as is the case here, a proposed amendment is in response to a motion to dismiss under Rule 12(b)(6), "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, i.e., if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *see also Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006).

Accordingly, Mr. Ade Bey's Complaint is considered under the familiar Rule 12(b)(6) standard, whereby the Court accepts as true all of the Complaint's factual allegations and draws inferences from these allegations in the light most favorable to Mr. Ade Bey. *See Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). Mr. Ade Bey's *pro se* status entitles him to additional solicitude from the Court, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

although, of course, the Rules still apply to *pro se* parties, *see Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009), and even *pro se* plaintiffs must state a claim upon which relief could be granted, *see Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) ("We are normally accommodating to motions for leave to amend *pro se* complaints, but may deny them when amendment would be futile.") (citations and quotation marks omitted).

In order to be deemed not futile, Mr. Ade Bey's proposed Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 95 (2d Cir. 2009). As the Court has previously explained, although it must accept as true all of the factual allegations in the Complaint, it is not required to accept "legal conclusions and threadbare recitals of the elements of a cause of action" that are supported only by conclusory statements. *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 129 S.Ct. at 1949) (quotation marks omitted). And while Rule 8 – which sets forth the pleading standard for most types of claims – "does not require detailed factual allegations," it does require something more than the bare assertion that the defendant unlawfully harmed the plaintiff, *Iqbal*, 129 S.Ct. at 1949; *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010), and "determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 129 S.Ct. at 1950). Rule 9, which Mr. Ade Bey has acknowledged governs his fraud claim, *see* Compl. [doc. # 120] at 1, requires more than Rule 8 demands; Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also Meijer, Inc. v. Ferring B. V.*, 585 F.3d 677, 692-94 (2d Cir. 2009).

**III.**

As alluded to above, the entire basis of Mr. Ade Bey's claims is his assertion that the negotiable instrument that he signed on March 27, 2009 was not actually a promissory note, as had been represented to him, presumably by Residential.  *See* Compl. [doc. # 120].  In that regard, Mr. Ade Bey alleges that "the presentment of the instrument as a promissory 'NOTE' is fraud as it is not a promissory "NOTE" as defined at 31 C.F.R. [§] 103.11(u), the only place where 'promissory note' is defined."  *Id.* at 3-4; *but see id.* at 4-5 ("The only definition for a promissory note found in the Uniform Commercial Code is at 9-102, Definition 65 . . . . This definition is also adopted by Connecticut at its Commercial Transactions Title 42a-9-102. There is no other definition for 'promissory note.'").  According to Mr. Ade Bey, the instrument is not really a promissory note – or, at least, not solely a promissory note – because it "clearly evidences two (2) separate 'orders to pay.'"  *Id.* at 5 (citing the Note & Allonge, attached to the Complaint as Ex. A).

According to Mr. Ade Bey, "[t]he instrument was presented as a simple 'promise to pay' agreement," and "there was no mention of the fact that the instrument was a hybrid or fall-between instrument that could possibly be 'treated' as something else," such as a "draft."  *Id.* at 4. While Mr. Ade Bey seems to acknowledge that under Connecticut law, one entitled to enforce a negotiable instrument that fits the definition of both a "draft" and a "note" may "treat it as either," Conn. Gen. Stat. § 42a-3-104, he argues that was never informed of the fact that the particular negotiable instrument at issue *did* fall within Connecticut's definition for both drafts and notes. *See* Compl. [doc. # 120] at 5 ("The agreement required and called for the signing and implementation of a promissory 'NOTE' not an instrument that may be 'treated' as a 'draft or a promissory note.'  This treatment is beyond the scope of the agreement."); *id.* at 6 ("It is not a

6

promissory 'NOTE' or a 'DRAFT' because it is the fusion of two different things to create something new – a hybrid."). Mr. Ade Bey alleges that the creation of this "Hybrid Instrument" was "an integral part of a scheme orchestrated to deceive and commit fraud." *Id.* Mr. Ade Bey says that as a consequence of this alleged fraud, CitiMortgage has breached its contractual obligations to Mr. Ade Bey, who says he has been deprived of a security interest in his real estate and (somewhat oddly) his interest in the negotiable instrument itself. *See id.* at 11 ("The reliance and trust placed by the Plaintiff on the statement of fact that the instrument was a promissory 'NOTE' has caused the Plaintiff to suffer the theft of his 'negotiable instrument' and to convey interest in property.").

These allegations fail to state a legally-cognizable claim upon which this Court could grant relief, both because Mr. Ade Bey has failed to state with particularity a fraud claim against CitiMortgage, as required by Rule 9(b), *see Meijer*, 585 F.3d at 692-94, and because Mr. Ade Bey's characterization of the negotiable instrument is incorrect as a matter of law, *see Harris*, 572 F.3d at 72 (stating that courts are not required to accept legal conclusions). Connecticut law defines "negotiable instrument" as "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order," so long as it:

    (1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

    (2) Is payable on demand or at a definite time; and

    (3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

Conn. Gen. Stat. § 42a-3-104(a). Whether a particular instrument is a "note" or a "draft" depends whether it contains a promise to pay or, instead, an order to pay. If it is a promise, it is a "note," and if it is an order, it is a "draft." *Id.* § 42a-3-104(e). However, as the Court stated previously, "[i]f an instrument falls within the definition of both 'note' and 'draft,' a person entitled to enforce the instrument may treat it as either." *Id.*; *see also Florian v. Lenge*, 91 Conn. App. 268, 277 (2005); *Fracker Constr. v. Fenyes*, Nos. CV040410438, CV044000369, 2006 WL 2053821, at *5-7 (Conn. Super. Ct. July 7, 2006).

The negotiable instrument at issue in this case – which is attached to the proposed complaint – meets all of the requirements of negotiability. It is made payable "to the order of Lender," identified as Residential "and its successors and assigns." Note & Allonge, Ex. A to Compl. [doc. # 120] at 1. It is payable at a definite time by providing that "Borrower shall make payment of principal and interest to Lender on the first day of each month beginning May 1, 2009. Any principal and interest remaining on the first day of April, 2039 will be due on that date." *Id.* The note also contains an unconditional promise to pay the principal sum of $233,731.00 and outlines a schedule for the interest payments, which were to commence on the day the loan was disbursed. *Id.* It contains no further conditions for payment, though it notes that it is secured by a mortgage executed on the same date. *Id.*; *see also* Open-End Mortgage, Ex. B to Compl. [doc. # 120] at 1 (referencing the Note). An Allonge[4] to the Note informs the Borrowers that they are to make future payments payable to the order of CitiMortgage, the assignee of Residential. *See* Note & Allonge, Ex. A to Compl. [doc. # 120] at 4. Thus, under

---

[4] An "allonge" is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving urther indorsements." Black's Law Dictionary (8th ed. 2004); *see also U.S. Bank Nat'l Ass'n v. Weigand*, No. CV085003346S, 2009 WL 1623764, at *4 (Conn. Super. Ct. May 14, 2009) ("Allonges are appended to promissory notes and other negotiable instruments for the purpose of further endorsing and negotiating them.").

§ 42a-3-104, the promissory note attached to the proposed complaint is a negotiable instrument and is enforceable by the holder and assignee, CitiMortgage. *See* Conn. Gen. Stat. § 42a-3-104; *Chase Home Fin., LLC v. Fequiere*, 119 Conn. App. 570, 611-12 (2010); *Florian*, 91 at 278-79; *Franklin Credit Mgmt. Corp. v. Nicholas*, 73 Conn. App. 830, 838 (2002); *U.S. Bank Nat'l Ass'n v. Weigand*, No. CV085003346S, 2009 WL 1623764, at *4 (Conn. Super. Ct. May 14, 2009); *U.S. Bank Nat'l Ass'n v. Gregory*, No. TTDCV085003721S, 2009 WL 1175622, at *1 (Conn. Super. Ct. Apr. 6, 2009); *Fracker Constr.*, 2006 WL 2053821, at *5.

Mr. Ade Bey does not argue that CitiMortgage is not the valid holder of the Note. Instead, he argues that the fraud and breach of contract here is that the negotiable instrument was presented and continues to be presented as a promissory note when it, in fact, is not, and that therefore the note cannot be enforced. *See* Compl. [doc. # 120] at 3-5. The Court is unaware of what Residential told Mr. Ade Bey when he signed the promissory note, but his arguments for why the note cannot be enforced by CitiMortgage rely on incorrect legal conclusions. In support of his argument that the instrument is not a promissory note, Mr. Ade Bey cites 31 C.F.R. § 103.11(u) and Connecticut General Statutes § 42a-9-102(65). *See id.* Neither is applicable to this loan transaction or promissory note. Notwithstanding Mr. Ade Bey's assertion to the contrary, *see* Compl. [doc. # 120] at 3-4, the cited regulation, 31 C.F.R. § 103.11(u), does not define "promissory note"; rather, it indicates that the term "monetary instruments" includes, *inter alia*, promissory notes. *See id.* Moreover, that definition governs only Part 103 of Chapter 31 of the Code of Federal Regulations, which deals with recordkeeping and reporting of currency and foreign transactions. *See* 31 C.F.R. § 103.11; the Court cannot fathom how that Part could possibly apply to the negotiable instrument here. And while § 42a-9-102(65) does define the term "promissory note," that definition is only relevant to Article 9 of Title 42a of the

Connecticut General Statutes, which codifies Article 9 of the Uniform Commercial Code (dealing with secured transactions). *See* Conn. Gen. Stat. § 42a-9-102.

As the Court has already informed Mr. Ade Bey, Article 9 is not applicable to real estate transactions. *See McLaughlin*, 2010 WL 2377108, at *17 (quoting *State Nat'l Bank v. Dick*, 164 Conn. 523, 531 (1973)). Instead, the applicable definition, as discussed above, is found in Connecticut General Statutes § 42a-3-104, which actually *requires* that a valid and enforceable negotiable instrument contain a provision indicating that it "[i]s payable to bearer or to order," *id.* § 42a-3-104(a)(1), which the promissory note in question contains. Mr. Ade Bey's assertion that the promissory note is somehow fraudulent because it stated that he promised to pay back the loan "to the order of Lender" and its "successors and assigns" is, as a matter of law, incorrect, and comes close to his prior theories of recovery. *See Florian*, 91 Conn. App. at 277; *Lenares*, 74 Conn. App. at 328 n.4; *Weigand*, 2009 WL 1623764, at *4; *Gregory*, 2009 WL 1175622, at *1; *Fracker Constr.*, 2006 WL 2053821, at *5.

Mr. Ade Bey's fraud claim, therefore, is legally deficient, and the Court is convinced that there is no possible way for Mr. Ade Bey to plead any set of facts that would state a valid claim of fraud. Therefore, his motion for leave to amend to add a claim for fraud is denied. *See Tocker*, 470 F.3d at 491; *Ellis*, 336 F.3d at 127; *Milanese*, 244 F.3d at 110; *Jones*, 166 F.3d at 50.

**IV.**

Mr. Ade Bey's claim for breach of contract fairs no better, and can be dispensed with easily. Mr. Ade Bey's allegations are convoluted here, to say the least, but in addition to asserting the foregoing erroneous legal conclusions about the nature of the promissory note, he seems to argue that the Open-End Mortgage, attached to the Complaint [doc. # 120] as Ex. B, is void *ab initio* for a lack of consideration because it "does not show that CITIMORTGAGE

10

promised to pay or lend any money or to deliver or deed any property." *See id.* at 14. Further, Mr. Ade Bey asserts, the Open-End Mortgage actually covenants that the borrower is lawfully seized of the estate, meaning that "Borrower already had the property, and there was no need for the mortgage." *Id.* at 15.

Mr. Ade Bey's argument is too clever by half. Although he argues that the Open-End Mortgage lacked consideration, his argument ignores the promissory note, in which he acknowledged receiving a loan for $233,731, secured by a mortgage on the real estate. *See* Note & Allonge, Ex. A to Compl. [doc. # 120]; Open-End Mortgage, Ex. B to Compl. [doc. # 120] at 1. In Connecticut, "[a] promissory note and a mortgage deed are deemed parts of one transaction and must be construed together as such." *Webster Bank v. Oakley*, 265 Conn. 539, 547 (2003); *see also Fracker Constr.*, 2006 WL 2053821, at *5. So construed, it is clear that Mr. Ade Bey's argument that the Open-End Mortgage is void for lack of consideration is, like his fraud claim, incorrect as a matter of law. *See Oakley*, 265 Conn. at 547; *Fracker Constr.*, 2006 WL 2053821, at *5. Here, too, he has failed to state a viable claim, and given the allegations he has made already, the Court is convinced that he cannot plead any set of facts that would entitle him to relief for a breach of contract. Therefore, granting him leave to amend would again be futile, and it is therefore denied. *See Tocker*, 470 F.3d at 491; *Ellis*, 336 F.3d at 127; *Milanese*, 244 F.3d at 110; *Jones*, 166 F.3d at 50.

## V.

Mr. Ade Bey's final claim alleges "stolen property." *See* Compl. [doc. # 120] at 16-17. This claim again relies on the allegation that the promissory note is not legally valid and/or that the loan was made without consideration. *See id.* at 16 ("[T]he Hybrid Instrument was obtained through Theft by Deception and is fraud with unjust enrichment obtaining the Hybrid Instrument

11

for free without consideration."). Mr. Ade Bey claims that the note was his property that was "stolen" under the aforementioned "false pretenses," and he demands that it be returned to him. *See id.*

Construed liberally, Mr. Ade Bey seems to be asserting a claim for statutory theft under Connecticut General Statutes § 52-564. To state such a claim, Mr. Ade Bey must plead facts demonstrating that CitiMortgage, "with intent to deprive [Mr. Ade Bey] of property or to appropriate the same to [itself] or a third person, [did] wrongfully take[], obtain[], or withhold[] such property from [Mr. Ade Bey]." *Hi-Ho Tower, Inc. v. Com-Tronics, Inc.*, 255 Conn. 20, 44 (2000) (alterations omitted). This Mr. Ade Bey has not done. Like his other two claims, Mr. Ade Bey's claim for theft relies on his own erroneous view of what the law requires. Mr. Ade Bey has not alleged – and undoubtedly cannot allege, based on his pleadings to date – either that he has a valid property interest in the promissory note or that CitiMortgage did not lawfully obtain the note from Residential. Accordingly, he cannot state a claim for theft. *See Hi-Ho Tower*, 255 Conn. at 44. Here again, the Court is convinced that Mr. Ade Bey cannot plead any set of facts that would entitle him to relief, and therefore it will not permit Mr. Ade Bey to amend his complaint to state a claim of theft. *See Tocker*, 470 F.3d at 491; *Ellis*, 336 F.3d at 127; *Milanese*, 244 F.3d at 110; *Jones*, 166 F.3d at 50.

## VI.

Accordingly, for the foregoing reasons, Mr. Ade Bey's Motion for Leave to File a Second Amended Complaint [doc. # 120] is DENIED. Additionally, and as stated above, the Motion to Join [doc. # 119] and the Motion for Sanctions [doc. # 128] are DENIED. The Court has given Mr. Ade Bey several opportunities to state a valid claim for relief, and he has failed to do so. Moreover, the Court is convinced that Mr. Ade Bey *cannot* plead any set of facts that would

entitle him to relief. Therefore, all claims against CitiMortgage are DISMISSED WITH PREJUDICE. The Court will not consider any further motions to amend the complaint. If Mr. Ade Bey is dissatisfied with the Court's decision, he can and should appeal it to the United States Court of Appeals for the Second Circuit.

Still pending are CitiMortgage's two counterclaims for breach of contract and foreclosure. *See* Def.'s Answer and Counterclaims [doc. # 39] at 10-12. However, in light of the fact that the this forum was not of CitiMortgage's choosing and that the state court system is remarkably better-suited and more familiar with the type of claims asserted by CitiMortgage, the Court will permit CitiMortgage to dismiss its counterclaims, without prejudice and without costs or fees, subject to re-filing in state court. Should CitiMortgage wish to do so, it should file a notice of voluntary dismissal no later than August 20, 2010. In the meantime, CitiMortgage's Motion for Extension of Time until September 1, 2010 to respond to Mr. Ade Bey's discovery requests is GRANTED.

                                                 IT IS SO ORDERED.

                              /s/  Mark R. Kravitz
                                United States District Judge

**Dated at New Haven, Connecticut: August 4, 2010.**