# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND MCLAUGHLIN, <br> SHAKIR RA ADE BEY, <br> Plaintiffs, <br><br> v. <br><br> CITIMORTGAGE, INC. <br> Defendant. | 3:09-cv-01762 (MRK) <br><br> AUGUST 20, 2010 |

## CITIMORTGAGE, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR EXTENSION OF TIME TO FILE VOLUNTARY DISMISSAL OF COUNTERCLAIM

Pursuant to *D. Conn. L. Civ. R.* 7, defendant CitiMortgage, Inc. ("CitiMortgage" or "Defendant"), hereby objects to plaintiff Shakir Ra Ade Bey's ("Plaintiff") *Motion for Reconsideration* ("*Motion*") and submits this memorandum in opposition thereto. Defendant respectfully submits that Plaintiff reargues theories that have already been deemed insufficient by this Court and improperly asserts claims that were not pled. As such the *Motion* should be denied.

## ARGUMENT

The three claims asserted in Plaintiff's proposed *Second Amended Complaint* (the "*Complaint*") are (1) a fraud claim, (2) a breach of contract claim, and (3) a statutory theft claim. The *Motion* does not request the Court to reconsider its ruling on the breach of contract claim. Accordingly, this memorandum addresses only Plaintiff's request that the Court reconsider its dismissal of the fraud and statutory theft claims.[1]

---

[1] The *Motion* purports to assert a Fair Credit Reporting Act ("FCRA") violation. However, no allegations regarding violation of FCRA appear in the *Complaint*. Thus, the *Complaint* does not assert a FCRA claim and, accordingly, Plaintiff's arguments with respect thereto do not warrant consideration.

HFD 214424.2

Plaintiff's contention that CitiMortgage is fraudulently using the promissory note (the "Note") signed by Raymond McLaughlin and Nicole McLaughlin (the "Borrowers") as a "NOTE" after it was already used as a "DRAFT," *Motion*, p. 5, is simply incorrect as a matter of law. The Court painstakingly outlined the reasons why Plaintiff's argument is unfounded in its *Ruling and Order* dated August 4, 2010, and, as such, CitiMortgage will not reiterate those reasons herein. Suffice it to say that the Note (which is appended to the *Complaint*) fits the legal definition of a promissory note set forth in Conn. Gen. Stat. § 42a-3-104. Plaintiff's allegations that the Note has been used as a "DRAFT" are contradicted by the plain language of the Note, which expressly contains a promise by the Borrowers to pay back a loan to the "order of Lender." *Ruling and Order*, p. 10.[2]

Moreover, Plaintiff's theory of fraud is unsupported by factual allegations sufficient to satisfy the heightened pleading standard set forth in FED. R. CIV. P. 9 (b). Indeed, the *Motion* does not cite to any allegation in the *Complaint* that alleges "where and when the [purportedly fraudulent] statements were made, and [ ] explain[s] why the statements were fraudulent." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 51 (2d Cir. 1995) (internal citations and quotations omitted). This is because there are no such allegations. Simply put, Plaintiff cannot allege that CitiMortgage made any representations to him or the Borrowers after CitiMortgage was assigned the Note that induced Plaintiff or the Borrowers to rely to their detriment.

Plaintiff's contention that the Note belonged to him and was stolen by CitiMortgage is contradicted by the plain language of the Note and allegations of the *Complaint*. The Note is

---

[2] The fact that "Lender," i.e. Residential Finance Corporation, assigned its right to payment to CitiMortgage is irrelevant for purposes of determining whether the Note is a promissory note or a draft. Further, Plaintiff's argument that the Note is counterfeit because he did not authorize the "ALLONGE TO NOTE" is meritless because he does not – and cannot – point to any provision in the Note that prohibited Residential from assigning its right to payment under the Note to CitiMortgage. *See Ruling and Order*, pp. 8-9.

- 2 -
HFD 214424.2

essentially a promise by the Borrowers to pay back a loan. Notwithstanding Plaintiff's vague and conclusory allegations that the Note was "his," Plaintiff does not – and cannot – allege any facts demonstrating that he has a valid property interest in the negotiable instrument evidencing the Borrowers' promise to pay an acknowledged debt to Residential Finance Corporation. Finally, the *Complaint* is devoid of any allegation that the assignment of the Note to CitiMortgage was unlawful. Accordingly, Plaintiff's request for the Court to reconsider its ruling on the statutory theft claim should be denied.

## CONCLUSION AND MOTION FOR EXTENSION OF TIME

The *Motion* fails to set forth any facts or other considerations that would warrant this Court reconsidering its ruling dismissing each of the claims asserted in the *Complaint*. Allowing this action to proceed would further would be futile. For all of the foregoing reasons, CitiMortgage respectfully requests that the Court deny Plaintiff's *Motion*.

CitiMortgage respectfully requests an extension of time to file its voluntary dismissal of counterclaims while the Court considers the *Motion* and this opposition thereto. The *Ruling and Order* states that the Court would allow CitiMortgage to voluntarily dismiss its counterclaims and that CitiMortgage should do so by August 20, 2010. CitiMortgage submits that its decision to withdraw its counterclaims is dependent upon whether any of Plaintiff's claims remain pending in this action. Accordingly, CitiMortgage respectfully requests an extension of time to voluntarily dismiss its counterclaims until seven days after the Court adjudicates the *Motion*. This is the first motion for extension of time to voluntarily dismiss CitiMortgage's counterclaims. On August 19, 2010, the undersigned attempted to communicate with plaintiff,

- 3 -

Shakir Ra Ade Bey and counterclaim defendant Nicole McLaughlin, but was unable to reach those parties to determine their position(s) with respect to this motion.

Dated at Hartford, Connecticut this 20th day of August, 2010.

**DEFENDANT,**
**CITIMORTGAGE, INC.**

By _____
William E. Murray (ct19171)
Michael T. Grant (ct27968)
Edwards Angell Palmer & Dodge LLP
20 Church Street, 20th Floor
Hartford, CT 06103
(860) 525-5065
(860) 527-4198 (Fax)
Email: wmurray@eapdlaw.com
Email: mgrant@eapdlaw.com

Its Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that on August 20, 2010, the foregoing was mailed, postage prepaid first class mail to the following:

Raymond McLaughlin
Shakir Ra Ade Bey
36 Heather Drive
East Hartford, CT 06118

Nicole McLaughlin
36 Heather Drive
East Hartford, CT 06118

　　　　　　　　　　　　　　　　　　　　　　Michael T. Grant

HFD 214424.2